## CROUSE v. FLOWERS BAKING CO.

[123 N.C. App. 555 (1996)]

PAMELA LUDLAM CROUSE, Plaintiff-Employee, v. FLOWERS BAKING COMPANY OF HIGH POINT, Defendant-Employer, and SELF-INSURED (Palmer & Cay Carswell, Administrators) Defendant-Carrier

No. COA95-760

(Filed 6 August 1996)

**Appeal and Error § 355 (NCI4th)— incomplete record—appeal dismissed**

Since a Form 21, which indicates an agreement for compensation, is required to be filed with the Industrial Commission, and it is the appellant's duty and responsibility to see that the record is in proper form and complete, the absence of a Form 21 from the record subjects this appeal to dismissal under N.C.R. App. P. 18(c)(3).

**Am Jur 2d, Appellate Review § 488.**

Appeal by plaintiff-employee from Opinion and Award entered 12 April 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 March 1996.

*Harris & Iorio, by Douglas S. Harris, for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, by Laurie R. Stegall, for defendant-appellees.*

LEWIS, Judge.

On 21 February 1992, plaintiff requested a hearing before the North Carolina Industrial Commission seeking payment for further medical expenses, continued temporary total disability and permanent partial disability compensation. The parties stipulated to the following facts: On 18 May 1989, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, Flowers Baking Company of High Point ("Flowers"). After that date, plaintiff did not return to employment with Flowers. From 18 May 1989 until 27 July 1990, Flowers paid plaintiff $11,774.73 in temporary total disability benefits.

After making additional findings of fact, the Deputy Commissioner concluded that plaintiff was entitled to temporary total compensation from 18 May 1989 through 6 February 1990. However, since Flowers had already paid these amounts, he ruled that plaintiff was not entitled to any further temporary total compensation. Additionally, he concluded that plaintiff was not entitled to any per-

CROUSE v. FLOWERS BAKING CO.

[123 N.C. App. 555 (1996)]

manent partial compensation. The Full Commission affirmed this award. Plaintiff appeals.

Without reaching the merits of plaintiff's appeal, we conclude that it must be dismissed for failure to supply an adequate record. Rule 18(c)(3) requires that in appeals from an agency, such as the Industrial Commission, the record must contain: "Copies of all other notices, pleadings, petitions, or other papers required by law or rule of the agency to be filed with the agency to present and define the matter for determination." N.C.R. App. P. 18(c)(3) (1996). Rule 18(c)(7) requires "[c]opies of all other papers filed . . . which are necessary to an understanding of all errors assigned" unless they appear in the transcript. N.C.R. App. P. 18(c)(7) (1996). Workers' Compensation Rule 501 requires that all agreements for compensation be filed with the Commission for approval on forms prescribed by the Commission. Workers' Compensation Rules of the North Carolina Industrial Commission, Rule 501(4) (1996).

Although both parties stipulated that defendant made temporary total disability payments to the plaintiff from 18 May 1989 until 27 July 1990, there is no Form 21 in the record. Neither the Opinion and Award, nor the transcript mention its existence. However, defendants' response to plaintiff's request for hearing indicates that a Form 21 was approved by the Commission on 21 December 1989. If such an agreement was approved, we are left to speculate as to its terms. Without it we are unable to determine whether defendant agreed to pay for a specified term or whether it agreed to pay "during disability," thereby invoking the presumption that disability continues until plaintiff returns to work. *See Watkins v. Motor Lines,* 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971); *see also* Workers' Compensation Rules of the North Carolina Industrial Commission, Rule 404(1) (1996). Therefore, we are unable to review the Commission's decision because we cannot determine which standard the Commission was to apply.

Since a Form 21, which indicates an agreement for compensation, is required to be filed with the Commission and "[i]t is the appellant's duty and responsibility to see that the record is in proper form and complete," *State v. Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983), we hold that the absence of a Form 21 from the record subjects this appeal to dismissal under Rule 18.

Appeal dismissed.

Judges GREENE and SMITH concur.